UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McMAHAN SECURITIES CO. L.P,

Plaintiff,

-vs- Case No. 8:04-cv-1791-T-24TGW

FB FOODS, INC., f/k/a
Funny Bagel Food Company, Inc.,

Defendant.
_____________________________________/

# **O R D E R**

This cause comes before the Court on FB Foods, Inc.'s, f/k/a Funny Bagel Food Company, Inc. ("FBF"), motion for leave to amend its answer and affirmative defenses (Doc. No. 47). McMahan Securities Co. L.P. ("MSC") filed an opposition thereto (Doc. No. 59). Simultaneously MSC filed a Motion to Strike the First Affirmative Defense in Defendant's Answer or, in the Alternative, to Transfer this Action to the District of Connecticut (Doc. No. 60).[1] FBF filed a response in opposition to MSC's Motion to Strike the First Affirmative Defense in Defendant's Answer or, in the Alternative, to Transfer this Action to the District of Connecticut (Doc. No. 77). MSC has also filed a Motion for Leave to File a Reply Brief in Support of Its Motion to Strike Defendant's First Affirmative Defense, or Alternatively, to Transfer this Action and attached a proposed reply memorandum (Doc. No. 92). FBF filed an

[1]On September 16, 2005, this Court granted MSC's Unopposed Motion to Withdraw Requests to Transfer this Action to the District of Connecticut (Doc. No. 110).

opposition thereto (Doc. No. 98). On September 2, 2005, FBF filed a Motion for Oral Argument on Plaintiff's Motion to Strike Defendant's First Affirmative Defense or, in the Alternative, to Transfer this Action to the District of Connecticut (Doc. No. 107). MSC filed a response in opposition thereto (Doc. No. 111).

## I. Background and Procedural History

MSC is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut (Doc. No. 1 ¶3). FBF is a Florida corporation with its principal place of business in Miami, Florida (Doc. No. 1 ¶11).

On or about November 7, 2003, MSC and FBF entered into an agreement ("Agreement")[2] whereby MSC was engaged to "introduce FBF to individuals and institutions who might be interested in investing in, or arranging for others to invest in FBF's equity securities, or securities convertible or exercisable into or exchangeable for FBF's equity so as to provide FBF with financing in the amount of approximately $10,000,000 to $30,000,000 (the "Services")"(Doc. No. 14). The Agreement was modified to mandate that all actions under the Agreement be brought in Florida instead of Connecticut (Doc. No. 78, Salgado Aff. ¶11).[3]

---

[2]The Court notes that a copy of the Agreement was not filed with the complaint (Doc. No. 1) or answer, affirmative defenses and counterclaim (Doc. No. 4). FBF later filed a Notice of Filing Exhibits to FB Foods, Inc.'s Answer, Affirmative Defenses and Counterclaim which included the Agreement and Amendment (Doc. No. 16). The Court considers the Agreement and Amendment a part of the answer for all purposes. See Fed. R. Civ. P. Rule 10(c).

[3]Paragraph 8 of the Agreement provides in relevant part, "[t]he parties agree that any disputes arising out of, in connection with or with respect to this agreement shall be adjudicated in a state or federal court of competent civil jurisdiction sitting in the State of Florida and nowhere else. Each of the parties hereto irrevocably submits to the jurisdiction of any such court for the purposes of any suit, civil action or other proceeding arising out of, in connection with or with respect to this agreement. To the extent permitted by applicable law, each of the parties hereto hereby waives and agrees not to assert by way of motion, as a defense or otherwise in any such suit, any claim that is

In July 2004, MSC filed an action in the United States District Court for the District of Connecticut with respect to the Agreement (Doc. Nos. 59 and 77). MSC subsequently voluntarily dismissed the Connecticut action when FBF invoked the forum selection clause in the Agreement (Doc. No. 61, Dwyer Aff. ¶¶ 6 - 8). On August 4, 2004, MSC filed the action in this Court.

MSC filed a two count complaint for declaratory judgment (Count I) and breach of contract (Count II) in connection with the Agreement whereby Plaintiff was to obtain investors for Defendant's equity securities (Doc. No.1). MSC alleges that under paragraph 5(b) of the Agreement, its obligation to perform the Services was conditioned upon its satisfaction, at its sole discretion, that there was no material adverse change in FBF's business, financial condition, or business prospects. MSC alleges that it performed all of its obligations under the Agreement but that subsequent to entering into the Agreement, FBF experienced a material adverse changes in its business, financial condition, and/or business prospects. MSC contends that FBF seeks to blame MSC for those adverse changes and demands that MSC provide financing to FBF in the amount of $15,000,000.

In part, MSC seeks a declaratory judgment from this Court that (a) it is not liable to FBF for any material adverse changes in FBF's business, financial condition, and/or business prospects; (b) it is not obligated to provide financing to FBF; and (c) it is not obligated under the Agreement or otherwise to provide continuing Services to FBF.

FBF filed an answer, affirmative defenses, and a counterclaim (Doc. No. 4). The

---

not subject to the jurisdiction of the above courts, that such suit is brought in an inconvenient forum, that the venue of such suit is improper or that it is entitled to a trial by jury."

counterclaim alleges anticipatory repudiation (Count I), breach of contract (Count II), and unjust enrichment (Count III). Specifically, FBF alleges in its counterclaim that on or about January 7, 2004, the parties entered into an amendment to the Agreement ("Amendement") and that MSC has breached the Agreement and Amendment by, "among other things, improperly terminating the Agreement, failing to use its best efforts to locate potential investors, and fraudulently and continuously representing to FBF that it had commitments from certain private investors who were ready, willing and able to inject substantial capital into FBF" (Doc. No. 4).

On April 13, 2005, this Court entered an Order dismissing Count II of FBF's counterclaim with prejudice to the extent that FBF alleges breach of contract against MSC based upon: 1) an implied obligation for MSC to use its best efforts in locating and securing capital investments from private investors; and 2) MSC's alleged wrongful communications with potential private investors (Doc. No. 39). The Court also dismissed Count III of FBF's counterclaim without prejudice and granted MSC's motion to strike FBF's affirmative defenses to the extent that FBF's second, third and sixth affirmative defenses contain language that MSC failed to use its best efforts to locate potential investors. On May 11, 2005, MSC filed its Amended Answer to Counterclaim (Doc. No. 44).

FBF now seeks to amend its answer and affirmative defenses to correct a purported scrivener's error in connection with its first affirmative defense. MSC moves to strike FBF's first affirmative defense.

## II. Standard of Review for a Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule

15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Loggerhead Turtle v. County Council of Volusia Cty, 148 F.3d 1231, 1255 (11th Cir. 1998).

## III. Discussion

FBF seeks leave from this Court to amend its answer and affirmative defenses to correct a purported scrivener's error in connection with its first affirmative defense. FBF's first affirmative defense currently provides as follows:

> MSC's Complaint is barred, in whole or in part, because MSC is a foreign limited partnership that is not authorized to do business in the State of Florida. Therefore, pursuant to Fla. Stat. §620.9103, MSC may not maintain the instant action in this Court unless and until it obtains the necessary certification.

On April 13, 2005, this Court entered an Order denying MSC's motion to strike FBF's first affirmative defense as MSC's arguments[4] in support of its motion to strike FBF's first affirmative defense raised issues beyond the scope of the pleadings and were more appropriate in the context of a motion for summary judgment (Doc. No. 39). FBF now states that FLA. STAT. §620.9103 governs partnerships, not limited partnerships (Doc. No. 47).[5] FBF argues that FLA. STAT. §620.179 governs limited partnerships and "provides that foreign limited partnerships '. . .

---

[4]Namely, MSC contended that since it is a foreign limited partnership that FLA. STAT. §620.9103 does not apply to it because the statute only applies to foreign limited liability partnerships.

[5]MSC has moved to strike FBF's first affirmative defense which references FLA. STAT. §620.9103 (Doc. No. 60).

transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state'" (Doc. No. 47). FBF seeks to amend its first affirmative defense to read:

> MSC's Complaint is barred, in whole or in part, because MSC is a foreign limited partnership that is not authorized to do business in the State of Florida. Therefore, pursuant to Fla. Stat. §620.179, MSC may not maintain the instant action in this Court unless and until it obtains the necessary qualification.

MSC argues that FBF's motion to amend should be denied on the ground of futility. Namely, that by entering into a forum selection clause which requires the bringing of any action in Florida, FBF has waived any claim that MSC is prohibited from suing in this jurisdiction. MSC also contends that "Florida cannot require a foreign limited partnership to register to do business in Florida before bringing an action if**,** as here, the company's activities in Florida are purely interstate and the suit is based on those interstate activities" (Doc. No. 59). Specifically, MSC asserts that FLA. STAT. §620.179, by its express terms, only applies if the foreign limited partnership transacts business in florida and that MSC does not transact business in Florida.

**A. FBF Has Waived Its Right to Plead FLA. STAT. §620.179 as an Affirmative Defense**

MSC initially filed suit in the District Court of Connecticut, apparently unaware that the forum selection clause of the Agreement had been modified to require any action with respect to the Agreement be adjudicated in Florida. In response to the filing of the Connecticut litigation, FBF invoked the forum selection clause and demanded MSC dismiss the Connecticut action. Now FBF seeks to require MSC to register in the State of Florida to maintain its complaint.[6]

---

[6] "The failure of a foreign limited partnership to register in this state . . . does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of the partnership or prevent the partnership from defending any action, suit, or proceeding in any court of this state." FLA. STAT.

The Florida legislature has imposed prerequisites to filing or maintaining any action.[7] See Henry P. Trawick, Jr., Fla. Prac. & Procedure §1-5 (2005). However, compliance with these statutory prerequisites may be waived. See Fla. R. Civ. P. Rule 1.140(b); see also Cor-Gal Builders, Inc. v. Southard, 136 So.2d 244, 246 (1962). Here, although FBF now seeks to amend its first affirmative defense to plead MSC's failure to comply with FLA. STAT. §620.179, the Court finds that by invoking the forum selection clause in the Agreement, FBF has waived its right to plead MSC's failure to comply with FLA. STAT. §620.179 as an affirmative defense.

"'It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary.'" Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt., 734 So.2d 576, 577 (Fla. 3rd DCA 1999)(quoting Producers Supply, Inc. v. Harz, 6 So.2d 375, 376 (1942)). Having contractually agreed to venue in the State of Florida, and tacitly having waived any objection to such suit being brought in the State of Florida by invoking the forum selection clause of the Agreement, FBF cannot now argue that FLA. STAT. §620.179 bars MSC's complaint.

The Court notes that FBF's argument with respect to FLA. STAT. §620.179 as a bar to MSC's complaint will soon be moot. Specifically, FLA. STAT. §620.179 is repealed effective January 1, 2006. See Laws 2005, c. 2005-267, §25. Accordingly, the Court finds that FBF's proposed amendment to its first affirmative defense would be futile and leave to amend will not

---

§620.179(4).

[7] See FLA. STAT. §§607.1622 and 607.1502 (for profit corporations); FLA. STAT. §§608.4511 and 608.502 (limited liability companies); FLA. STAT. §§617.1622 and 617.1502 (not for profit corporations); FLA. STAT. §§620.177 and 620.179 (limited partnerships); and FLA. STAT. §620.9103 (foreign limited liability partnerships).

be granted. Furthermore, in that FBF acknowledges that FLA. STAT. §620.9103 governs partnerships and not limited partnerships, and FBF concedes MSC is a foreign limited partnership, FBF's first affirmative defense which references FLA. STAT. §620.9103 is insufficient as a matter of law and will be stricken.

**B. Nature of MSC's Activities in Florida**

Additionally, MSC argues that FLA. STAT. §620.179 does not apply because MSC does not transact business in Florida. In support of this argument, MSC filed the Affidavit of Joseph C. Dwyer, its Chief Accounting Officer, which states that none of the prospective financing sources for FBF were located in Florida (Doc. No. 61, Dwyer Aff. ¶3). Dwyer further states that "[o]ther than entering into the Agreement with FBF and having meetings in Florida with FBF, MSC did not transact any business in this State and does not presently transact business in this State" (Doc. No. 60, ¶4). FBF contends that MSC has in fact engaged in other substantial business activities in Florida and the "deals are prominently displayed on MSC's website" (Doc. Nos. 77 and 78 ). However, having determined that FBF waived its right to plead FLA. STAT. §620.179 as an affirmative defense, the Court will not address whether MSC transacts business in the State of Florida or if its activities were purely interstate.

**IV. Conclusion**

Having considered the motions, it is **ORDERED AND ADJUDGED** that:

(1) FBF's motion for leave to amend its answer and affirmative defenses (Doc. No. 47) is **DENIED**.

(2) MSC's motion to strike FBF's affirmative defense (Doc. No. 60) is **GRANTED** to the extent that FBF's affirmative defense which references FLA. STAT.

§620.9103 is **STRICKEN**.

(3) MSC's Motion for Leave to File a Reply Brief in Support of Its Motion to Strike Defendant's First Affirmative Defense, or Alternatively, to Transfer this Action (Doc. No. 92) is **DENIED**.

(4) FBF's Motion for Oral Argument on Plaintiff's Motion to Strike Defendant's First Affirmative Defense or, in the Alternative, to Transfer this Action to Connecticut (Doc. No. 107) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of October, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record