UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McMAHAN SECURITIES CO. L.P,

        Plaintiff,

-vs-                                            Case No. 8:04-cv-1791-T-24TGW

FB FOODS, INC., f/k/a
Funny Bagel Food Company, Inc.,

        Defendant.
_____/

**O R D E R**

Before the Court is Defendants', FB Foods, Inc.'s, f/k/a Funny Bagel Food Company, Inc. ("FBF"), William Salgado ("W. Salgado"), and Alexander Salgado ("A. Salgado")[1], Second Motion for Sanctions Pursuant to Fed. R. Civ. 11 (Doc. No. 177). McMahan Securities Co. L.P. ("MSC") filed a response in opposition thereto (Doc. No. 195).

### I. Background and Procedural History

On November 2, 2005, MSC filed its third motion[2] for leave to amend its complaint with a proposed amended complaint attached (Doc. No. 149 and Exh. A. thereto). MSC stated that it was seeking to amend its complaint based on newly discovered evidence and to add the Salgados as additional party defendants. The language of the 3.01(g) certification in MSC's third motion to amend is as follows:

> Undersigned counsel certifies that counsel for McMahan Securities Co., L.P. conferred with counsel for FB Foods, Inc. in a good faith effort to resolve the issues presented herein pursuant to Middle District Local Rule 3.01(g) and that FB Foods, Inc.'s counsel did not agree to the relief sought in this Motion until they reviewed the Motion and the

---

[1] W. Salgado and A. Salgado shall collectively be referred to as the Salgados.

[2] On September 16, 2005, MSC filed its first motion for leave to amend its complaint with a proposed amended complaint attached (Doc. No. 112). On October 18, 2005, MSC withdrew its first motion for leave to amend its complaint (Doc. No. 134). On November 1, 2005, MSC filed its second motion for leave to amend its complaint with a proposed amended complaint attached (Doc. No. 147). On November 2, 2005, MSC withdrew its second motion for leave to amend its complaint (Doc. No. 148).

> Proposed Amended Complaint, Exhibit "A" hereto.

On November 21, 2005, MSC filed an amended 3.01(g) certification stating in relevant part:

> After receipt and review of the Motion and proposed Amended Complaint, Defendant's counsel advised the undersigned on November 10, 2005 that Defendant does not oppose MSC's Motion for Leave to Amend Complaint.

(Doc. No. 163). On November 23, 2005, this Court granted MSC leave to amend the complaint (Doc. No. 164). On November 30, 2005, MSC filed its amended complaint (Doc. No. 169). Defendants now ask the Court to sanction MSC and its counsel based upon their assertion that there is no reasonable legal or factual basis for the allegations set forth in MSC's amended complaint.[3] In response, MSC asks the Court to Sanction Defendants and their counsel for filing a frivolous Rule 11 motion (Doc. No. 195, p. 17).

## II.    Standard of Review

Rule 11(b) of the Federal Rules of Civil Procedure states in relevant part:

> By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, such as to harass or to cause delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Fed. R. Civ. P. 11(b). Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

---

[3] Specifically, Defendants request this Court enter an Order "(a) striking MSC's Amended Complaint, (b) awarding monetary sanctions against MSC, Mr. Isaacs, Issacs & Evans, LLP, and Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. for the fees and costs incurred in connection with the filing of the instant Motion and any hearings on the same, (c) referring the allegations set forth in MSC's Amended Complaint to the Florida Bar for investigation as to the efficacy of such claims and to ascertain whether sufficient inquiry was conducted prior to the filing of the Amended Complaint, and (d) awarding such other and further relief the Court deems just and proper" (Doc. No. 177, p. 8).

"In deciding the propriety of Rule 11 sanctions, a Court first determines whether the party's claims are objectively frivolous and then, if so, whether the signatory to the pleading should have been aware that they were frivolous -- whether he would have been aware of the frivolousness if he had made a reasonable inquiry." Footman v. Cheung, 341 F. Supp. 2d 1218, 1224 (M.D. Fla. 2004)(citations omitted); see also Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). "All doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper. Thus, the burden of proof as to whether the signer has violated Rule 11 is on the Rule 11 movant." Georgene M. Vairo, Rule 11 Sanctions: Case Law, Perspectives and Preventative Measures, 223 (Richard G. Johnson ed., ABA, 3d ed. 2004).

### III.    Discussion

Defendants argue that MSC's amended complaint has no reasonable factual basis and was filed in bad faith for an improper purpose. The crux of Defendants' arguments in support of their motion for Rule 11 sanctions is their contention that the allegations in MSC's amended complaint are personal attacks on the integrity of FBF's representatives and counsel without any support for such conduct. Defendants, who did not object to the filing of the amended complaint, attach a copy of a November 10, 2005 e-mail with respect to the parties' Local Rule 3.01(g) certification apparently for the purpose of suggesting that they warned Plaintiffs they would vigorously challenge the allegations in the complaint (Doc. No. 177, Exh. A thereto). The November 10, 2005 e-mail states:

> We have reviewed MSC's most recent Motion to Amend Complaint and the proposed Amended Complaint attached thereto as an Exhibit. As we previously advised Mr. Johnson in connection with MSC's now withdrawn Motion to Amend, after considering the procedural standards applicable vis-a-vis a motion to amend, and corresponding decisional law, FBF does not oppose the *procedural* relief requested in MSC's Motion (e.g., request for leave to file an amended complaint). Accordingly, please revise the Certificate of Compliance with Local Rule 3.01(g) to reflect that FBF does not oppose MSC [sic] request for leave to file an amended complaint.
>
> Please note, however, that in deciding not to oppose MSC's Motion to Amend, FBF is not *in any way* acquiescing and/or acknowledging the veracity of any of the allegations set forth in MSC's proposed Amended Complaint. To the contrary, FBF and BIPC intend on vigorously challenging the legal and factual

>validity of the new allegations and claims set forth therein and availing themselves of any and all legal, equitable and administrative rights and remedies.

Thereafter, rather than opposing MSC's third motion for leave to amend complaint on more "traditional" grounds under Federal Rule of Civil Procedure 15(a), FBF, joined with the Salgados, chose to file the instant Rule 11 motion.  It is clear to this Court that the 3.01(g) certification meant nothing since FBF clearly objected to the substance of the amended complaint.

A Rule 11 motion is not a means to emphasize or educate with respect to the merits of one's position.  See Riccard, 307 F.3d at 1294 (citing Advisory Committee Notes, 1993 Amendments).  Nor should it serve as a substitute for more appropriate pleadings.  This Court does not find in MSC's conduct the deliberate indifference to obvious facts that would compel a resort to Rule 11 sanctions.  See Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990).  This is now even more obvious since the Court has denied the Salgados' motion to dismiss MSC's amended complaint (Doc. No. 283).  Furthermore, the Court finds that Defendants' have not established that MSC filed the amended complaint for an improper purpose.  Defendants' Second Motion for Sanctions is without merit and is therefore DENIED.

Having determined that sanctions against MSC are not warranted, the Court addresses MSC's request for sanctions against Defendants for bringing a frivolous Rule 11 motion.  Fed. R. Civ. P. 11(c)(1)(A) provides that "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."  The Court does not take motions for sanctions lightly and deplores the waste of time and money spent on issues that should and could have been resolved in another manner.  MSC is the prevailing party with respect to Defendants' Rule 11 motion; however, the imposition of Rule 11 sanctions by a district court is discretionary.  See Fox v. Acadia State Bank, 937 F.2d 1566, 1569 (11th Cir. 1991).  The Court exercises that discretion by denying MSC's motion for sanctions.  However, the Court would suggest that Defendants think carefully before filing a third motion for sanctions.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(a) Defendants' Second Motion for Sanctions Pursuant to Fed. R. Civ. 11 (Doc. No. 177) is **DENIED**.

(b) MSC's request for sanctions against Defendants for bringing a frivolous Rule 11 motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of July, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record