UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McMAHAN SECURITIES CO. L.P,

                Plaintiff,

-vs-                                                          Case No.  8:04-cv-1791-T-24TGW

FB FOODS, INC., f/k/a
Funny Bagel Food Company, Inc.,

                Defendant.
_____/

## O R D E R

This cause comes before the Court for consideration of Plaintiff's Emergency Objection to Magistrate Judge's Ruling on Defendant's [sic] Motion For Leave to Take Preservation Deposition (hereinafter "Objection")(Doc. No. 351).  As of the date of this Order, Defendants have not filed an opposition thereto.

**I.**      **Background**

On November 16, 2006, Plaintiff McMahan Securities Co., L.P. ("MSC") filed a motion seeking "leave to take the videotaped deposition of Scott Joseph Wallace for the purpose of preserving his testimony for trial" (Doc. No. 316).  On December 18, 2006, after written briefing on MSC's motion and oral argument, Magistrate Judge Wilson orally denied MSC's motion (Doc. No. 327).  On December 19, 2006, Magistrate Judge Wilson entered a written Order denying MSC's motion (Doc. No. 328).

**II.     Standard of Review**

Upon entry of an order in a pretrial matter not dispositive of a claim or defense, a party may object to such an order. See Fed. R. Civ. P. 72(a). Once the objection and any response have been entered, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**III.    Discussion**

Magistrate Judge Wilson denied MSC's motion to preserve the testimony of Scott Joseph Wallace in that MSC's motion was made "too late" in light of the trial being scheduled for January 2007 and potential prejudice to Defendants. MSC, citing Charles v. Wade, 665 F.2d 661, 664 (5th Cir. Unit B 1982), *cert. denied,* 460 U.S. 1036 (1983), asserts that Magistrate Judge Wilson's December 18, 2006, Order and reasoning are "erroneous as a matter of law."

The crux of MSC's argument is that since it filed its motion November 16, 2006, there was ample time to take its requested preservation deposition and, if there was potential prejudice to Defendants, the appropriate remedy would have been to postpone the trial, not deny the deposition. MSC ignores this Court's broad discretion in managing its cases. See Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002)(citing Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001)). Furthermore, like the Eleventh Circuit in Chrysler, this Court finds the facts of Charles distinguishable from the present case. Particularly the fact that the potential deponent in Charles was an incarcerated prisoner while Scott Joseph Wallace is a free business man living in California. Upon review, this Court finds that MSC has not shown that Magistrate Judge Wilson's Order was clearly erroneous or contrary

to the law.

Accordingly, Magistrate Judge Wilson's December 18, 2006, Order (Doc. No. 327) denying Plaintiff's Motion to Preserve the Testimony For Trial of Joseph Wallace (Doc. No. 316) is **AFFIRMED**, and Plaintiff's Emergency Objection to Magistrate Judge's Ruling on Defendant's [sic] Motion For Leave to Take Preservation Deposition (Doc. No. 351) is **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of December, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record