UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McMAHAN SECURITIES CO. L.P,

                Plaintiff,

-vs-                                                      Case No.  8:04-cv-1791-T-24TGW

FB FOODS, INC., f/k/a
Funny Bagel Food Company, Inc.,

                Defendant.
_____/

## **O R D E R**

This cause comes before the Court on numerous motions in limine (Doc. Nos. 330, 331, 333, 334, 335, 336, 337, 340, 341, 342, 343, 344, and 346) and the responses thereto (Doc. Nos. 356, 357, 359, 360, 361, 362, 363, 364, 365, 368, 367, 369, and 370).  Accordingly, the Court will address each motion.

**I.**      **MSC's Motion in Limine Regarding Use of Veritas Depositions (Doc. No. 330)**

MSC seeks to preclude Defendants' use of certain depositions that took place in the case of Veritas Scalable Investment Products Fund, LLC v. FB Foods, Inc. f/k/a Funny Bagel Food Co., Inc., Case No. 3:04-cv-0119, pending in the District of Connecticut (the "Veritas case"). Specifically, MSC seeks to preclude Defendants from admitting the designated depositions of Matthew James, Joseph Dwyer, and D. Bruce McMahan that were taken in the Veritas case since MSC is not a party to the Veritas case.

1

Defendants respond that the relationship between Veritas and MSC is "intertwined" since D. Bruce McMahan and Joseph Dwyer are officers of both companies and the Veritas case and instant action involve substantially identical issues. In addition, with respect to the deposition of Matthew James, Defendants argue that the deposition was taken by the same counsel as represents MSC. Upon consideration, MSC's Motion In Limine Regarding Use of Veritas Depositions (Doc. No. 330) is **GRANTED.**

### II.    MCS's Motion to Exclude Certain Witnesses on Defendants' Witness List Pursuant to Rule 37 (Doc. No. 331)

MSC contends that Defendants listed ten witnesses[1] on their witness list that were never disclosed as witnesses with relevant information to MSC in any discovery response, pleading or other filing. Citing prejudice, MSC seeks to preclude the ten witnesses listed from providing any testimony at trial.

Defendants have elected to withdraw seven of the ten disputed witnesses from their witness list.[2] With respect to Linda Schutt-McMahan, David Lucus, and Matthew James, Defendants respond that FBF's failure to supplement its Rule 26 disclosures was unintentional and the identities of these witnesses and their involvement in the underlying events was made known to MSC during the course of discovery. Furthermore, Defendants contend that MSC has failed to demonstrate how it would be harmed if these witnesses are called at trial. Upon consideration, MSC's Motion to Exclude Certain Witnesses on Defendants' Witness List

---

[1] These witnesses include: Mike Boyer, Zack Brining, Carol Cherington, Bob Johns, David Lucas, Linda Schutt-McMahan, Manny Medina, Patricia Ransom, Matthew James and Mickey Segal.

[2] Mike Boyer, Zack Brining, Carol Cherington, Bob Johns, David Lucas, Manny Medina, Patricia Ransom, and Mickey Segal.

Pursuant to Rule 37 (Doc. No. 331) is **GRANTED** as to Linda Schutt-McMahan, otherwise **DENIED**.

### III.     Defendants' Motion in Limine Regarding Neil Silver (Doc. No. 333)

Neil Silver was the Vice President of Business and a shareholder of FBF.  While Neil Silver was never deposed in this case, MSC listed him on its witness list.  Defendants seek to preclude MSC from eliciting from Mr. Silver at trial or otherwise introducing (1) misrepresentations[3] allegedly made by him to potential investors in FBF (including any letters sent to potential investors) and (2) evidence concerning a Securities Exchange Commission ("SEC") investigation into his sale of unregistered securities in an entity wholly unrelated to FBF.  With respect to the purported misrepresentations, Defendants argue that this information is "of no moment to the matters before this Court" since MSC neither knew of, relied upon, nor considered these alleged statements at the time it terminated the Agreement with FBF.

MSC responds that Neil Silver's misrepresentations made concerning Weight Watchers International, Inc. are relevant to their case in that, under Fed. R. Evid. 404(b), they demonstrate an overall scheme to mislead MSC and its investors and are relevant to the question of Defendants' intent at the time of their subsequent misrepresentations to MSC.  MSC further contends that the probative value of these misrepresentations far outweighs the prejudicial value under Fed. R. Evid. Rule 403.  Upon consideration, Defendants' Motion in Limine Regarding Neil Silver (Doc. No. 333) is **GRANTED**.

---

[3]One of the subject misrepresentations, purportedly made in December 2003 to investor Richard Cullifer, was that as of December 12, 2003, FBF had signed and entered into a 14 year agreement with Weight Watchers International, Inc. (Doc. No. 368, p. 3).

### IV.    Defendants' Motion in Limine to Preclude Admission of Offer of Compromise/Settlement (Doc. No. 334)

Defendants move to preclude the admission of any offer of compromise/settlement under Fed. R. Evid. 408. Particularly, Defendants seek an Order precluding MSC from using, introducing, or referring to an e-mail dated July 1, 2004 from Alvin D. Lodish, an attorney representing FBF, to A. Stone, an attorney representing MSC. Defendants argue that the e-mail is clearly an offer to compromise or settle a disputed claim and recites as much.

MSC responds that the e-mail is not an offer of settlement but an ongoing discussion of MSC's efforts to obtain bridge financing. MSC argues that it intends to offer the e-mail and/or evidence of FBF's requirement for MSC to make a $15 million equity investment as evidence of FBF's dire financial condition. Lastly, MSC contends that the e-mail and its contents are relevant to defending contentions made by FBF that MSC agreed to secure at least $5 million in bridge financing. Upon consideration, Defendants' Motion in Limine to Preclude Admission of Offer of Compromise/Settlement (Doc. No. 334) is **GRANTED**.

### V.    Defendants' Motion in Limine Regarding Richard Morgan (Doc. No. 335)

Richard A. Morgan is lead trial counsel for Defendants. Defendants seek to preclude MSC from using at trial the deposition transcript of Richard A. Morgan or from calling Mr. Morgan as a witness at trial. Specifically, Defendants argue that since MSC has dropped its claim for reformation any testimony from Mr. Morgan is not relevant.

MSC responds that Richard Morgan was involved in the underlying transaction upon which this case is based. As such, MSC contends that Mr. Morgan's testimony is relevant to the claims and defenses of the parties. Upon consideration, Defendants' Motion in Limine Regarding Richard Morgan (Doc. No. 335) is **GRANTED** to the extent that MSC may not call

Mr. Morgan as a witness at trial, or use his deposition transcript, without first proffering to the Court what testimony or evidence Mr. Morgan can offer that cannot be obtained from other witnesses. As such, the Court will address this motion during trial, and therefore, the Court **DEFERS** ruling on this motion at this time.

    **VI.**    **Defendants' Motion in Limine to Exclude the Expert Testimony of Alan Strieter (Doc. No. 336)**

MSC identified Alan Strieter, an employee of MSC, as an expert on its Witness List filed as part of the Joint Pretrial Statement (Doc. No. 321). Defendants move to prelude MSC from proffering Alan Strieter as an expert witness or, alternatively, seek an Order limited Mr. Strieter to lay opinion testimony allowed under Fed. R. Evid. 701. Specifically, Defendants argue that MSC did not designate Alan Strieter as an expert, or provide Defendants with any expert report from Mr. Strieter, prior to the expert disclosure deadline.

MSC responds that Defendants' motion should be denied because Defendants fail to demonstrate any harm resulting from MSC's failure to formally designate Mr. Strieter as an expert and that Mr. Strieter will predominately be used as an educated fact witness.

Upon consideration, Defendants' Motion in Limine to Exclude the Expert Testimony of Alan Strieter (Doc. No. 336) is **GRANTED** to the extent that Alan Strieter will not be permitted to testify as an expert witness. The motion is **DENIED** to the extent that Alan Strieter can otherwise testify as to facts and opinions that might be within his knowledge as an employee of MSC.

    **VII.**    **MSC's Motion in Limine to Exclude Evidence Regarding an Attempt to Pierce the Corporate View Between Plaintiff and Non-Party Veritas-Scalable Investment Products Fund, LLC (Doc. No. 337)**


Mr. Morgan as a witness at trial, or use his deposition transcript, without first proffering to the Court what testimony or evidence Mr. Morgan can offer that cannot be obtained from other witnesses. As such, the Court will address this motion during trial, and therefore, the Court **DEFERS** ruling on this motion at this time.

    **VI.**    **Defendants' Motion in Limine to Exclude the Expert Testimony of Alan Strieter (Doc. No. 336)**

MSC identified Alan Strieter, an employee of MSC, as an expert on its Witness List filed as part of the Joint Pretrial Statement (Doc. No. 321). Defendants move to prelude MSC from proffering Alan Strieter as an expert witness or, alternatively, seek an Order limited Mr. Strieter to lay opinion testimony allowed under Fed. R. Evid. 701. Specifically, Defendants argue that MSC did not designate Alan Strieter as an expert, or provide Defendants with any expert report from Mr. Strieter, prior to the expert disclosure deadline.

MSC responds that Defendants' motion should be denied because Defendants fail to demonstrate any harm resulting from MSC's failure to formally designate Mr. Strieter as an expert and that Mr. Strieter will predominately be used as an educated fact witness.

Upon consideration, Defendants' Motion in Limine to Exclude the Expert Testimony of Alan Strieter (Doc. No. 336) is **GRANTED** to the extent that Alan Strieter will not be permitted to testify as an expert witness. The motion is **DENIED** to the extent that Alan Strieter can otherwise testify as to facts and opinions that might be within his knowledge as an employee of MSC.

    **VII.**    **MSC's Motion in Limine to Exclude Evidence Regarding an Attempt to Pierce the Corporate View Between Plaintiff and Non-Party Veritas-Scalable Investment Products Fund, LLC (Doc. No. 337)**

MSC, pursuant to Fed. R. Evid. 401, 402 and 403, seeks to exclude from submission to the jury evidence relating to Defendants' attempt to piece the corporate veil between MSC and non-party Veritas-Scalable Investment Products Fund, LLC ("Veritas"). Specifically, MSC argues that FBF is improperly seeking to introduce into this case claims and issues which are the subject of litigation pending in Connecticut.

Defendants respond that MSC "wholly misconstrues" their damages theory and, as such, MSC's motion in limine on this subject must fail. Specifically, Defendants argues that in the Veritas case, FBF is seeking to impose liability on Veritas for MSC's acts but that these exact claims are not the subject of Defendants' counterclaims in the instant action. Defendants go on to state that they are seeking various fees and commissions paid to MSC and Veritas and that they intend to proffer evidence showing that Veritas is an alter ego of MSC for purposes of proving that MSC was not entitled to a commission for the Veritas loan. Upon consideration, MSC's Motion in Limine to Exclude Evidence Regarding an Attempt to Pierce the Corporate View Between Plaintiff and Non-Party Veritas-Scalable Investment Products Fund, LLC (Doc. No. 337) is **GRANTED**.

### VIII. Defendants' Motion in Limine To Declare Admissible Certain Misrepresentations Made Subsequent to the Execution of the Agreement (Doc. No. 340) and MSC's Motion in Limine to Exclude Evidence of Dismissed Claims (Doc. No. 343)

Defendants seek an Order from this Court declaring admissible certain representations made subsequent to the execution of the Agreement by the parties (Doc. No. 340). Conversely, in its motion in limine (Doc. No. 343) MSC moves, pursuant to Fed. R. Evid. 401, 402, and 403, to preclude from submission to the jury all evidence relating to FBF's counterclaims which have been dismissed by the Court in that it is unfairly prejudicial and irrelevant. MSC contends that

despite this Court's rulings on MSC's motion to dismiss and motion for summary judgment (Doc. No. 284 and 312), FBF has included in its statement of the case and statement of disputed facts references to its dismissed counterclaims (Doc. No. 321, pp. 6-7 and 21-28) and that FBF's exhibit and witness lists and deposition designations are replete with citations which "can only pertain to the dismissed counterclaims." MSC contends that the testimony of FBF's listed witnesses George Gellert, Michael Shillan, Mickey Segal, and Aaron Young relating to the dismissed claims should be excluded. Similarly, MSC argues that the designated deposition testimony of MSC's witnesses D. Bruce McMahan and Michael Shillan should be excluded. Likewise, MSC moves to exclude certain documents as relating to FBF's dismissed claims.

In responding to MSC's motion in limine, FBF concedes that MSC cannot be held financially liable for its post-Agreement representations. However, FBF contends that the evidence which MSC seeks to exclude does not merely support the dismissed claims, but is also highly material and relevant to rebutting MSC's anticipated defenses. Specifically, FBF argues that it anticipates that MSC will argue at trial that it is not liable for anticipatory repudiation and that it did not breach the Agreement because it ceased performance pursuant to the "material adverse change" provision of the Agreement. It is FBF's position that evidence of MSC's post-Agreement representations are relevant to show that MSC did not, in actuality, cease performance under the "material adverse change" provision of the Agreement.

Upon consideration, Defendants' Motion in Limine To Declare Admissible Certain Misrepresentations Made Subsequent to the Execution of the Agreement (Doc. No. 340) and MSC's Motion in Limine to Exclude Evidence of Dismissed Claims (Doc. No. 343) are **DENIED WITHOUT PREJUDICE**. Prior to trial this Court cannot make a blanket

determination that none of the post-Agreement representations are relevant and admissible with respect to the remaining claims.

**IX.     MSC's Motion in Limine to Exclude Evidence of Compensatory Damages For Out of Pocket Expenses (Doc. No. 341)**

In the Joint Pretrial Statement (Doc. No. 321), Defendants listed $750,856.63 in compensatory damages it claims it paid to third party vendors. MSC contends that the Court should exclude these out of pocket damages because FBF failed to supplement its discovery on this issue by refusing to provide any documentation of settlements of the out of pocket damages amounts with vendors. Alternatively, MSC contends that FBF should not be allowed to introduce evidence of out of pocket damages that were unrelated to the launch of the Adult Brand but were expended to support their existing Funny Meals product. Lastly, MSC argues that FBF should not be allowed to pursue out of pocket damages for sums it did not pay.

Defendants respond that FBF produced numerous documents in support of its damage claims and that FBF's discovery responses were "supplemented" by William Salgado's deposition testimony. However, FBF acknowledges that the expense figure for PMG, LLC should be $14,842.94 since FBF was able to settle that obligation for a compromised figure (Doc. No. 367, p. 4). Defendants further contend that FBF's expenses pertaining to its Funny Meals are recoverable since FBF retained MSC to locate investors and raise capital for FBF, not for any one product. Specifically, that in light of the Private Label Book discussing investment in FBF's Funny Meal product, that it was "no secret" to MSC that the money it was tasked to raise would be used to fund the company in general and not just the Adult Brand. Lastly, Defendants argue that with the exception of PMG, all of FBF's stated out of pocket damages

were paid or will be paid[4] once FBF recovers from MSC in this action.    Upon consideration, MSC's Motion in Limine to Exclude Evidence of Compensatory Damages For Out of Pocket Expenses (Doc. No. 341) is **DENIED**.

### X.    Defendants' Motion in Limine Regarding the Redepositon of Michael Shillan (Doc. No. 342)

Defendants move to preclude MSC's use at trial of the reposition of Michael Shillan taken on March 23, 2006, in that Defendants were not afforded an opportunity to cross-examine the witness.  MSC responds that Defendants' attempts to preclude the testimony of Michael Shillan should be denied in that Defendants waived their opportunity for cross-examination by not seeking that opportunity during the time available for the deposition.  Specifically, that despite knowledge that the redeposition of Michael Shillan would be limited to four hours, Defendants' counsel never requested an opportunity nor stated an intention to cross-examine Mr. Shillan until immediately prior to the conclusion of the four hours.  Upon consideration, Defendants' Motion in Limine Regarding the Redeposition of Michael Shillan (Doc. No. 342) is **DENIED**.

### XI.    MSC's Motion in Limine to Preclude Certain Comments Regarding Mr. Shillan's Wife's Pregnancy (Doc. No. 344)

MSC seeks to preclude Defendants from introducing any testimony or evidence concerning the phrase "fat chick" and other comments regarding Michael Shillan's wife's pregnancy as they are irrelevant and prejudicial.  Specifically, in e-mails and in his deposition, Michael Shillan would at times refer to his wife as the "fat chick" and make other comments regarding her pregnancy.

---

[4] FBF still owes Gaby & Moleta $9,000.00 out of the listed $35,184.00.

FBF confirms that it intends to introduce the e-mails which are the subject of MSC's motion in limine in that they are directly relevant to FBF's case in that they detail Michael Shillan's business activity as an agent of MSC. With respect to MSC's arguments regarding the "fat chick" references, FBF counters that these comments reflected the thought process of the parties to the e-mail exchanges and MSC cannot rewrite history by editing their agents' prior writings. Upon consideration, MSC's Motion in Limine to Preclude Certain Comments Regarding Mr. Shillan's Wife's Pregnancy (Doc. No. 344) is **DENIED**.

### XII. Defendants' Motion in Limine to Limit MSC At Trial to Positions Taken, If Any, By One of Its 30(b)(6) Witnesses -- Seth Appel, As to Topics For Which He Was Designated (Doc. No. 346)

Defendants move to preclude MSC from proffering testimony at trial that is contrary or inconsistent from the sworn deposition testimony provided by one of MSC's 30(b)(6) witnesses -- Seth Appel, as to those topics for which he was designated to testify on MSC's behalf. Defendants also move to preclude MSC from taking any position at trial as to those topics where none was taken during Mr. Appel's 30(b)(6) deposition. Specifically, Defendants contend that Mr. Appel was either not able or unprepared to offer testimony as to a myriad of matters on which examination was sought.

MSC responds that Defendants have used only selective quotations of the deposition testimony of Mr. Appel in an attempt to paint a picture of an unprepared witness. Additionally, MSC contends that Defendants are improperly attempting to bring an out of time discovery motion as a motion in limine. Specifically, pursuant to Magistrate Judge Thomas G. Wilson's April 21, 2006 Order (Doc. No. 229), any discovery related motion concerning Mr. Appel's deposition should have been brought in May 2006. Upon consideration, Defendants' Motion in

Limine to Limit MSC At Trial to Positions Taken, If Any, By One of Its 30(b)(6) Witnesses -- Seth Appel, As to Topics For Which He Was Designated (Doc. No. 346) is **DENIED**.

Accordingly, it is **ORDERED and ADJUDGED** that:

(1) MSC's Motion In Limine Regarding Use of Veritas Depositions (Doc. No. 330) is **GRANTED**.

(2) MSC's Motion to Exclude Certain Witnesses on Defendants' Witness List Pursuant to Rule 37 (Doc. No. 331) is **GRANTED** as to Linda Schutt-McMahan, otherwise **DENIED**.

(3) Defendants' Motion in Limine Regarding Neil Silver (Doc. No. 333) is **GRANTED.**

(4) Defendants' Motion in Limine to Preclude Admission of Offer of Compromise/Settlement (Doc. No. 334) is **GRANTED**.

(5) Defendants' Motion in Limine Regarding Richard Morgan (Doc. No. 335) is **GRANTED** to the extent that MSC may not call Mr. Morgan as a witness at trial, or use his deposition transcript, without first proffering to the Court what testimony or evidence Mr. Morgan can offer that cannot be obtained from other witnesses. As such, the Court will address this motion during trial, and therefore, the Court **DEFERS** ruling on this motion at this time.

(6) Defendants' Motion in Limine to Exclude the Expert Testimony of Alan Strieter (Doc. No. 336) is **GRANTED** to the extent that Alan Strieter will not be permitted to testify as an expert witness. The motion is **DENIED** to the extent that Alan Strieter can otherwise testify as to facts and opinions that might be

within his knowledge as an employee of MSC.

(7) MSC's Motion in Limine to Exclude Evidence Regarding an Attempt to Pierce the Corporate Veil Between Plaintiff and Non-Party Veritas-Scalable Investment Products Fund, LLC (Doc. No. 337) is **GRANTED**.

(8) Defendants' Motion in Limine To Declare Admissible Certain Misrepresentations Made Subsequent to the Execution of the Agreement (Doc. No. 340) is **DENIED WITHOUT PREJUDICE**.

(9) MSC's Motion in Limine to Exclude Evidence of Compensatory Damages For Out of Pocket Expenses (Doc. No. 341) is **DENIED.**

(10) Defendants' Motion in Limine Regarding the Redepositon of Michael Shillan (Doc. No. 342) is **DENIED**.

(11) MSC's Motion in Limine to Exclude Evidence of Dismissed Claims (Doc. No. 343) is **DENIED WITHOUT PREJUDICE**.

(12) MSC's Motion in Limine to Preclude Certain Comments Regarding Mr. Shillan's Wife's Pregnancy (Doc. No. 344) is **DENIED**.

(13) Defendants' Motion in Limine to Limit MSC At Trial to Positions Taken, If Any, By One of Its 30(b)(6) Witnesses -- Seth Appel, As to Topics For Which He Was Designated (Doc. No. 346) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of February, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

13