**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

McMAHAN SECURITIES CO, L.P.,

        Plaintiff,

-vs-                                                                   Case No. 8:04-cv-1791-T-24TGW

FB FOODS, INC., f/k/a FUNNY BAGEL
FOOD COMPANY, INC., et al.

        Defendants.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff's Motion for Sanctions Against FBF, Inc. Pursuant to the Court's Inherent Power to Control the Proceedings Before It, to Revoke the *Pro Hac Vice* Admission of Craig D. Mills and for Costs and Fees Pursuant to 28 U.S.C. § 1927 (Doc. No. 397). Defendants filed a Response thereto (Doc. No. 401).

This case was set for trial before this Court on February 12, 2007. This Court received a telephone call from counsel for both sides on the afternoon of February 8, 2007 advising the Court that Richard Morgan, Esq., counsel for Defendants, had been in an automobile accident on February 7th and that Defendants needed to continue the trial because Mr. Morgan had been put on bed rest until February 13th and tests needed to be done. Plaintiff indicated that it did not oppose the motion under the circumstances. The Court orally agreed to a continuance in the case pending Defendants filing its written motion to continue the trial.

Later on February 8th, Defendants filed a written motion to continue (Doc. No. 392) in which Mary Leslie Smith represented to the Court that Defendants requested the February 12, 2007 trial be continued "in order to allow Richard A. Morgan, Esq., lead trial counsel for Defendants, adequate

time to recover from the injuries he sustained in an automobile accident on February 7, 2007." She further represented to the Court that it was a "serious automobile accident" and "[a]s a result, Mr. Morgan sustained multiple injuries." Furthermore, she represented that due to his injuries, "Mr. Morgan's physician presently disabled him at least until Tuesday, February 13, 2007, pending the results of further tests to determine the extent of his head injuries." The Court granted Defendants' motion to continue on February 9, 2007.

After reviewing Plaintiff's motion for sanctions and Defendants' response thereto, the Court finds that there were several misrepresentations in Ms. Smith's motion to continue. Mr. Morgan had not been involved in a serious accident. There was approximately $2,900 in damages to Mr. Morgan's vehicle and the car was clearly capable of being driven. Mr. Morgan had not sustained multiple injuries and his physician did not disable him until February 13th. In fact, Mr. Morgan was well enough to spread mulch in his yard on February 10th, run numerous errands over the weekend (February 10th and 11th), and go into work on February 12th. Even if Ms. Smith did not know the extent of the damage or injuries prior to filing the motion on February 8th, she certainly could have advised the Court of the inaccuracies on February 9th or February 10th or even February 12th.

Plaintiff now requests that the Court enter an order sanctioning Defendants for the misrepresentations by striking their pleadings and dismissing their causes of action with prejudice. The Court denies this extreme sanction. Next Plaintiff requests the Court strike the *pro hac vice* admission of Craig Mills. This sanction is denied. There is no evidence that the request for a continuance is related to his entry into this case. Because all of the sanctions have been denied, the request for attorney fees is also denied.

Although this Court does not find that the sanctions sought by Plaintiff are an appropriate remedy for Defendants' misrepresentations, Defendants should be mindful that such uncorrected misrepresentations leave the Court with concern and skepticism as to any future representations that counsel might make to the Court in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions Against FBF, Inc. Pursuant to the Court's Inherent Power to Control the Proceedings Before It, to Revoke the *Pro Hac Vice* Admission of Craig D. Mills and for Costs and Fees Pursuant to 28 U.S.C. § 1927 (Doc. No. 397) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of February, 2007.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge